UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

| | |
|---|---|
| DAMICHAEL BROWN | CIVIL ACTION NO. 23-512-P |
| VERSUS | JUDGE DOUGHTY |
| CODY WILLIAMS | MAGISTRATE JUDGE HORNSBY |

### REPORT AND RECOMMENDATION

In accordance with the standing order of this court, this matter was referred to the undersigned Magistrate Judge for review, report and recommendation.

### STATEMENT OF CLAIM

Before the court is a civil rights complaint filed by pro se plaintiff Damichael Brown ("Plaintiff"), pursuant to 42 U.S.C. § 1983. This complaint was received and filed in this court on April 19, 2023. He is incarcerated at FCI – Pollock Medium in Pollock, Louisiana. Plaintiff names State Trooper Cody Williams as defendant.

On December 5, 2019, Plaintiff was pulled over at a store by State Trooper Cody Williams. Plaintiff claims that at that point Williams had no reasonable suspicion that he was engaged in criminal activity. He claims Williams reached for his sidearm when he exited his vehicle. Plaintiff claims he was scared and tried to pull over down the street at a friend's house so there would be witnesses. Plaintiff claims he never exceeded the speed limit. He also claims he did not cause any pedestrian harm. He claims Williams rammed his vehicle several times from behind. He claims his vehicle fishtailed out of control and crashed. He claims Williams rammed him a fifth time in the front of his vehicle. Plaintiff

claims he was pulled out of the window by his hair and suffered hair loss. He claims he was tasered three to four times before being taken into custody. He claims he received no medical attention.

Plaintiff states he was charged with aggravated flight, resisting an officer, possession of a firearm/c, possession of a firearm, aggravated criminal damage, to display/cause, proper equipment required, failure to register, driving under suspension, safety belt use, battery of a police officer, manufacture/distribution, possession, and taking contraband. He claims all the charges were dismissed except for felon in possession of a firearm, possession of an unregistered machine gun, and possession of a machine gun. He states he was sentenced to 120 months.

Accordingly, Plaintiff seeks monetary damages.

## LAW AND ANALYSIS

In Wilson v. Garcia, 471 U.S. 261 (1985), the Court articulated the guidelines to be used in determining what prescriptive period should apply to Section 1983 claims. The Court determined "§ 1983 claims are best characterized as personal injury actions" and the forum state's statute of limitations applicable to such claims should be used. Id. at 280. In Gates v. Spinks, 771 F.2d 916 (5th Cir. 1985), the Fifth Circuit Court of Appeals phrased the test as: "The state statute governing the general tort remedy for personal injuries should apply to 1983 actions . . ." Gates, 771 F.2d at 919.

The Louisiana Civil Code provides a general prescriptive statute that governs tort actions. The article subjects delictual actions to a liberative prescription of one year. See La. C.C. art. 3492. The Fifth Circuit qualified this prescriptive period, however, when it

held that "a section 1983 action accrues and the statute of limitations begins to run when the plaintiff knows or has reason to know of the injury which is the basis for the action." Watts v. Graves, 720 F.2d 1416, 1417 (5th Cir. 1983).

Plaintiff claims his civil rights were violated by Defendant on December 5, 2019. Thus, prescription began to run as to these claims in December of 2019. The above entitled and numbered complaint was not signed by Plaintiff until April 16, 2023, and it was not filed by the Clerk of Court until April 19, 2023. Plaintiff's claims are therefore prescribed.

Accordingly, Plaintiff's civil rights complaint should be dismissed as frivolous.

## CONCLUSION

Because Plaintiff filed this proceeding in forma pauperis ("IFP"), if this court finds Plaintiff's complaint to be frivolous, it may dismiss the complaint as such at any time, before or after service of process, and before or after answers have been filed. See 28 U.S.C. § 1915(e); Green v. McKaskle, 788 F.2d 1116, 1119 (5th Cir. 1986); Spears v. McCotter, 766 F.2d 179 (5th Cir. 1985). District courts are vested with extremely broad discretion in making a determination of whether an IFP proceeding is frivolous and may dismiss a claim as frivolous if the IFP complaint lacks an arguable basis either in law or in fact. See Hicks v. Garner, 69 F.3d 22 (5th Cir. 1995); Booker v. Koonce, 2 F.3d 114 (5th Cir. 1993); Neitzke v. Williams, 490 U.S. 319 (1989). See also Gartrell v. Gaylor, 981 F.3d 254, 256 (5th Cir. 1993) ("Where it is clear from the face of a complaint filed in forma pauperis that the claims asserted are barred by the applicable statute of limitations, those claims are properly dismissed pursuant to § 1915.")

For the reasons stated above, the court finds that the IFP complaint of Plaintiff lacks an arguable basis either in law or in fact.

Accordingly;

**IT IS RECOMMENDED** that Plaintiff's civil rights complaint be **DISMISSED WITH PREJUDICE** as frivolous under 28 U.S.C. § 1915(e).

## OBJECTIONS

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking, on appeal, the proposed factual findings and legal conclusions that were accepted by the district court and that were not objected to by the aforementioned party. See Douglas v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

**THUS DONE AND SIGNED**, in chambers, in Shreveport, Louisiana, on this 8th day of November 2023.

Mark L. Hornsby
U.S. Magistrate Judge